Russell E. BRETAN, also known as Berlli Surtan, also known as berllissurtan21@hotmail.com, Alexander E. Eisemann, as next friend of Russell E. Bretan, in his official capacity, Petitioners–Appellants,

v.

UNITED STATES of America, Respondent–Appellee.

No. 06–0857–pr.

United States Court of Appeals, Second Circuit.

July 2, 2008.

Daniel W. Levy, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Alexander E. Eisemann, Katonah, NY, for Appellant.

Present: ROGER J. MINER, PIERRE N. LEVAL, ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Russell Bretan pleaded guilty on July 10, 2003, in the U.S. District Court for the Southern District of New York (Kaplan, *J.*), to all counts of a four-count indictment charging him with possession of child pornography, receipt of child pornography, attempted possession of child pornography, and attempted receipt of child pornography, all in violation of 18 U.S.C. § 2252A. On January 16, 2004, Judge Kaplan sentenced Bretan to a 57–month term of imprisonment, and to a three-year term of supervised release. Bretan did not appeal his conviction or sentence.

On January 27, 2005 Bretan filed the instant petition, pursuant to 28 U.S.C. § 2255, in the U.S. District Court for the Southern District of New York, seeking to vacate, set aside, or correct his sentence.[1] He filed an amended petition on July 8, 2005 requesting the same relief. In a memorandum opinion, dated January 31, 2006, Judge Kaplan denied the petition and certified two questions for appeal: (1) Whether the U.S. Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is applicable to cases on collateral review; and (2) Whether Bretan was denied effective assistance of counsel, in violation of the Sixth Amendment, because of his prior attorney's "failure to argue the unconstitutionality of the United States Sentencing Guidelines [at Bretan's sentencing] and to appeal from any adverse judgment on that claim." *Bretan v. United States*, Nos. 05 Civ. 916(LAK), 03 Cr. 358, 2006 WL 238994 at \*8 (S.D.N.Y. Jan. 31, 2006). In a memorandum opinion, dated February 14, 2006, Judge Kaplan denied Bretan's motion for reconsideration. *See Bretan v. United States*, 415 F.Supp.2d 351 (S.D.N.Y.2006). Bretan filed a notice of appeal, dated February 21, 2006, challenging "each and every aspect" of Judge Kaplan's two orders. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

---

1. Because he believed that Bretan was facing timeliness problems regarding the filing of a habeas petition, Bretan's present counsel, Alexander E. Eisemann, did not wish to delay filing with the time it would take to get Bretan to sign and return the petition. Accordingly, Eisemann names himself on the petition "in his official capacity" and as Bretan's "next friend." We express no opinion as to whether or not this was necessary or proper because neither the Government nor the district court appear to have raised any objection.

**A. Bretan's Ineffective Assistance of Counsel Claim.** It is the crux of the instant petition that three months before Bretan's sentencing, the U.S. Supreme Court granted certiorari to review the constitutionality of Washington State's sentencing guidelines. *See Blakely v. Washington,* 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (2003). The Supreme Court decided *Blakely* on June 24, 2004, holding that Washington State's sentencing guidelines violated the Sixth Amendment. *See Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). On January 12, 2005 the Supreme Court decided *Booker,* which extended the logic of *Blakely* in holding that the Federal Sentencing Guidelines similarly violated the Sixth Amendment. 543 U.S. at 245, 125 S.Ct. 738. The practical effect of *Booker* was the excision of those sections making application of the Federal Sentencing Guidelines mandatory, thereby rendering the Guidelines advisory. *Id.* at 245–46, 125 S.Ct. 738. It is Bretan's contention that his prior counsel's ignorance of the grant of certiorari in *Blakely* and his failure to argue the unconstitutionality of the Federal Sentencing Guidelines at Bretan's sentencing denied him any chance of receiving the purported benefits of being resentenced under a regime of advisory sentencing guidelines.

In order to show that his prior counsel was ineffective, Bretan must demonstrate: (1) that counsel's performance was deficient and (2) that such performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficiency in this regard means that Bretan's prior counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." *Id.* If we find that prior counsel's performance was not deficient within the meaning of *Strickland,* we have no need to address Bretan's claims of prejudice. *See id.* at 697, 104 S.Ct. 2052.

We have no difficulty finding that Bretan received constitutionally effective counsel at sentencing. Bretan focused exclusively upon his prior counsel's failure to make an argument at sentencing based upon the demise of the Federal Sentencing Guidelines fortold by the grant of certiorari in *Blakely,* thereby foregoing an appeal based upon this argument. *Strickland,* however, requires us to consider *"all the circumstances"* which might have effected the strategic decisions of counsel. 466 U.S. at 688, 104 S.Ct. 2052 (emphasis added). At sentencing, Judge Kaplan granted Bretan's request for a downward departure based upon his minor role in the offense, and denied the Government's request for a five-level enhancement based upon Bretan's trading of child pornography. Thus, any decision to appeal Bretan's sentence faced the possibility of a cross-appeal on the part of the Government, which might have resulted in the reversal of the downward departure, or even the grant of the Government's request for an enhanced sentence. "We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a 'significant potential downside.'" *Greiner v. Wells,* 417 F.3d 305, 319 (2d Cir.2005), *cert. denied sub nom. Wells v. Ercole,* 546 U.S. 1184, 126 S.Ct. 1363, 164 L.Ed.2d 72 (2006), (quoting *Sacco v. Cooksey,* 214 F.3d 270, 275 (2d Cir.2000)). Whether or not an appeal asserting the unconstitutionality of the Federal Sentencing Guidelines amounted to a potentially fruitful course of conduct, the significant potential downside of a Government cross-appeal was present in Bretan's case, and we will not fault his attorney for foregoing an appeal in light of it.

**B. Retroactivity of *Booker.*** This Court has declined to apply *Booker*

on collateral review. *See Guzman v. U.S.,* 404 F.3d 139 (2d Cir.2005), *cert. denied,* 546 U.S. 1035, 126 S.Ct. 731, 163 L.Ed.2d 577 (2005). Bretan argues that *Guzman* was wrongly decided and Judge Kaplan granted a certificate of appealability on the issue so that Bretan's argument might be preserved in light of the fact that the Supreme Court has yet to decide the issue. We see no reason to reconsider our holding in *Guzman* here.

**C. Request for an Evidentiary Hearing.** Even though Judge Kaplan denied a certificate of appealability on the issue, Bretan contends that this Court should remand his petition to the district court for an evidentiary hearing as to "the veracity or wisdom" of his (Bretan's) assertion that he definitely would have appealed his sentence but for his prior counsel's ignorance of the grant of certiorari in *Blakely.* This, Bretan asserts, would allow him to satisfy the prejudice requirement of *Strickland.* Because we have found that Bretan did not receive ineffective assistance of counsel within the meaning of *Strickland,* what Bretan would have done but for his prior counsel's ignorance is of no moment.

For the reasons stated above, the judgment of conviction and sentence imposed by the district court is hereby AFFIRMED.